IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN RANDALL PYATT, :
    Plaintiff, :
 :
v. : CIVIL ACTION NO. 19-CV-2444
 :
GEO GROUP INC., :
*et al.*, :
    Defendants. :

## MEMORANDUM

**McHUGH, J.**                                                                                                **JUNE 17, 2019**

*Pro se* Plaintiff John Randall Pyatt, a prisoner confined at the George W. Hill Correctional Facility, has filed a civil rights Complaint and a Motion to Proceed *In Forma Pauperis*. The Defendants are GEO Group Inc., Warden David Byrnes, Deputy Warden Mario Colucci and Dr. Phillips. Because it appears that Pyatt is unable to afford to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*.[1] For the following reasons, the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### I.    FACTS

Pyatt alleges that in September 2018 while exercising in the prison gym he felt a sharp pain in his groin and observed a small lump in the area the following day. (ECF No. 2 at 5.)[2] He went to medical a few days later due to pain and was given ice and Motrin. In October 2018 he was seen by Defendant Dr. Phillips and was diagnosed with a hernia. (*Id.*) He received a hernia belt that was too large for him to wear. Dr. Phillips told him the prison could do nothing further

---

[1] However, as Pyatt is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

[2] The Court adopts the pagination supplied by the CM/ECF docketing system.

for him and to have the hernia treated when he is released. (*Id.*) He asserts that Defendant Colucci and several nurses responded to his block several days later to a call of "man down." (*Id.* at 6.) Pyatt's body was limp, and he was again taken to medical where he was again given ice and Motrin. Weeks later, he received an x-ray but was never told the result of the test. (*Id.*)

## II.    STANDARD OF REVIEW

The Court will grant Pyatt leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if, among other things, it is frivolous or fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Pyatt is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to

determine the issue." *Fabian v. St. Mary's Med. Ctr.*, No. Civ. A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III. DISCUSSION

Section 1983 of Title 42 of the United States Code provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Eighth Amendment governs claims brought by convicted inmates challenging their conditions of confinement, while the Due Process Clause of the Fourteenth Amendment governs claims brought by pretrial detainees. *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). As Pyatt's status during his incarceration is not clear from the Complaint, the Court will analyze his claim under both Amendments.

Pretrial detainees are protected from "punishment" by the Due Process Clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Because prison officials must ensure that both convicted inmates and pretrial detainees receive adequate food, clothing, shelter, and medical care, and must "'take reasonable measures to guarantee [their] safety[,]'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)), a § 1983 plaintiff asserting a conditions of confinement claim must also allege that prison officials acted with deliberate indifference to that plaintiff's health or safety. *See Wilson*

*v. Seiter*, 501 U.S. 295, 298-99 (1991); *see also Wilson v. Burks*, 423 F. App'x 169, 173 (3d Cir. 2011) (per curiam) ("'[T]he official must both be aware of facts from which the inference could be drawn that a substantial harm exists, and he must also draw that inference.'") (quoting *Farmer*, 511 U.S. at 837). Unconstitutional punishment, be it under the Eighth Amendment applicable to convicted prisoners or the Fourteenth Amendment applicable to pretrial detainees, typically includes both objective and subjective components. *Stevenson v. Carroll*, 495 F.3d 62, 68 (3d Cir. 2007). The objective component requires an inquiry into whether "the deprivation [was] sufficiently serious" and the subjective component asks whether "the officials act[ed] with a sufficiently culpable state of mind[.]" *Id.* (citing *Wilson*, 501 U.S. at 298; *Bell*, 441 U.S. at 538-39, 539 n.20).

### A. Claims Against GEO Group Inc.

Although Pyatt has named GEO Group Inc. as a Defendant, he makes no substantive allegation how GEO Group Inc. was responsible for his injury. GEO Group Inc., a private corporation under contract to provide prison health services at George W. Hill Correctional Facility, may be liable under section 1983 if that entity's policies or customs caused the alleged constitutional violation. *See Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003) (acknowledging that entity contracted to perform medical services for county jail is state actor for purposes of section 1983); *French v. GEO Grp., Inc.*, Civ. A. No. 18-4312, 2018 WL 4929859, at *2 (E.D. Pa. Oct. 10, 2018) ("The GEO Group acts under color of state law by providing services for the George W. Hill Correctional Facility."); *Regan v. Upper Darby Twp.*, Civ. A. No. 06-1686, 2009 WL 650384, at *3, n.5 (E.D. Pa. Mar. 11, 2009) ("For purposes of Plaintiff's § 1983 claims, Defendant GEO Group, a private company, was acting under the color of state law since it

provided daily functional services for the Delaware County Prison."). To assert a plausible claim under section 1983 against this type of entity, the plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009) (citation omitted). Pyatt has not tied any of the conditions of which he complains to a custom or policy of the GEO Group Inc.

Accordingly, the Complaint as currently pled does not state a plausible claim under section 1983 against the GEO Group, Inc. Nonetheless, as it is possible that Pyatt could cure this pleading defect in an amended complaint, the GEO Group Inc. will be dismissed without prejudice and the Court will grant Pyatt leave to amend.

### B. Claims Against Warden Byrnes

Similarly, Pyatt has named Warden Byrnes as a Defendant but has made no substantive allegation concerning him. The Court assumes he has named Byrnes a Defendant because of his supervisory role at George W. Hill. There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 135 S. Ct. 2042 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.*

As the Complaint as currently pled does not state a plausible supervisory liability claim under section 1983 against Warden Byrnes, the claims against him will also be dismissed without prejudice and with leave granted to Pyatt to attempt to cure the defects the Court has noted.

### C. Claims Against Deputy Warden Mario Colucci

The only substantive claim involving Defendant Colucci is that he responded to a "man down" call to Pyatt's cellblock when Pyatt required medical attention. This allegation is insufficient to state a plausible § 1983 claim either on the basis of Colucci's personal participation or on a policy, practice or custom theory. Accordingly, the claims against Defendant Colucci are also dismissed without prejudice and with leave granted to Pyatt to attempt to cure the defects the Court has noted.

### D. Claims Against Dr. Phillips

Pyatt alleges that Dr. Phillips diagnosed him with a hernia but failed to provide proper treatment, telling Pyatt to have it treated when he was no longer incarcerated. The Court interprets this to be an allegation that Defendant Phillips was deliberately indifferent to his serious medical needs. So construed, the Court finds that the claim passes § 1915 screening since "[w]here prison officials know of the prisoner's serious medical need, deliberate indifference will be found where the official '(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment.'" *Bearam v. Wigen*, 542 F. App'x 91, 92 (3d Cir. 2013) (per curiam) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)); *see also Montgomery v. Aparatis Dist. Co.*, 607 F. App'x 184, 187 (3d Cir. 2015) (per curiam) ("Delay or denial of medical care violates the Eighth

Amendment where defendants are deliberately indifferent to a prisoner's serious medical need.").

IV. **CONCLUSION**

For the foregoing reasons, the Court will grant Pyatt leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice as to Defendants GEO Group Inc., Warden David Byrnes and Deputy Warden Mario Colucci.  Pyatt is granted leave to file an amended complaint in accordance with the Court's Order accompanying this Memorandum in the event he can cure the defects in his claims.  If he chooses not to file an amended complaint, only his claims against Dr. Phillips will proceed.  An appropriate Order follows.

**BY THE COURT:**

**/s/ Gerald Austin McHugh**

**United States District Judge**